Cite as: 580 U. S. \_\_\_\_ (2017)　　　1

# SUPREME COURT OF THE UNITED STATES

GREG ABBOTT, GOVERNOR OF TEXAS, ET AL. *v.*
MARC VEASEY, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 16–393.　Decided January 23, 2017

The petition for a writ of certiorari is denied.

Statement of CHIEF JUSTICE ROBERTS respecting the denial of certiorari.

In 2011, the Texas Legislature enacted Senate Bill 14 (SB14). The law requires voters to present government-issued photo identification before, or shortly after, casting a ballot in person. The United States and private plaintiffs filed suit in the United States District Court for the Southern District of Texas seeking to enjoin enforcement of the law. They argued that SB14 violates the Fourteenth and Fifteenth Amendments because the Texas Legislature acted with discriminatory intent, and that the law violates §2 of the Voting Rights Act because it "results in a denial or abridgment of the right . . . to vote on account of race or color." After conducting a bench trial, the District Court ruled in plaintiffs' favor on both claims and enjoined the voter-identification provisions of SB14. *Veasey* v. *Perry*, 71 F. Supp. 3d 627, 633, 707 (2014).

The United States Court of Appeals for the Fifth Circuit stayed the injunction, heard the case en banc, and sent it back to the District Court. First, the Fifth Circuit vacated the District Court's finding of discriminatory intent and remanded for further consideration of the facts. 830 F. 3d 216, 230 (2016). Second, the court affirmed the District Court's conclusion that SB14 violates §2 of the Voting Rights Act. *Id.,* at 264–265. Because the §2 violation did not justify enjoining SB14 in its entirety, however, the

court remanded for further proceedings on an appropriate remedy. *Id.,* at 268–271. Six judges would have reversed the District Court's conclusion that SB14 is unconstitutional and violates §2. *Id.,* at 280, 326 (opinion of Jones, J. and Elrod, J.).

The Texas officials who are defendants in this lawsuit have petitioned for certiorari. Their petition asks the Court to review whether the Texas Legislature enacted SB14 with a discriminatory purpose and whether the law results in a denial or abridgment of the right to vote under §2. Although there is no barrier to our review, the discriminatory purpose claim is in an interlocutory posture, having been remanded for further consideration. As for the §2 claim, the District Court has yet to enter a final remedial order. Petitioners may raise either or both issues again after entry of final judgment. The issues will be better suited for certiorari review at that time.